Argued July 25, decided August 1, 1911.

## WRIGHT *v.* CITY OF McMINNVILLE.

[117 Pac. 298.]

MUNICIPAL CORPORATIONS—PROCEEDINGS BY COUNSEL—ORDINANCES.

Upon an initiative petition for an amendment to the city charter of McMinnville, an ordinance was enacted authorizing a special election to

vote upon the proposed amendment, and empowering the mayor and recorder to give notice of the election, and do all the acts or deeds required by the charter; city charter (Sp. Laws 1903, p. 502) section 8, requiring the clerk to give 10 days' notice by written notices posted in three public places, of each election. *Held,* that the failure of the recorder to post such notices in three public places rendered the election void, though the notice was given by publication in newspapers.

From Yamhill: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by G. S. Wright against the City of McMinnville to enjoin the issue of municipal bonds. It is alleged in the complaint that the defendant the City of McMinnville is a municipal corporation, and the defendants Leroy Lewis and A. C. Chandler are, respectively, its mayor and recorder; that plaintiff is an inhabitant and taxpayer of the city; that the requisite number of legal voters filed with the city recorder an initiative petition for an amendment of the city charter, so as to authorize an issue of bonds, not exceeding $10,000, which sum was to be used in substituting cast-iron pipe of a given diameter for wooden water mains; that an ordinance was enacted authorizing a special election to be held March 20, 1911, to vote upon the proposed amendment; that such municipal enactment empowered the mayor and the recorder to give notice of the election, "and to do each, every and all the acts or deeds required or directed by them to be done or performed, said election to be in all respects called and conducted in accordance with the provisions of the charter of the City of McMinnville"; that section 8 of the charter requires the recorder to give 10 days' notice of election, "posted in three public places in the city"; that notices of the election were duly issued, but only one copy was posted, and in lieu thereof the recorder caused the notice to be printed in two consecutive weekly issues of newspapers published in the city, and also printed a pamphlet which contained a copy of the proposed amendment having on the cover of the publication a statement that the election

would be held March 20, 1911; that the pamphlet was mailed to each voter in the city, so far as could be ascertained, and a notice was published in the newspapers that if any elector had not received a copy of the pamphlet he could secure one by calling upon the city recorder at a designated place; that at the election held at the time appointed 148 votes were cast in favor of the proposed amendment and 116 against it; that at the preceding general election held in that city 204 more votes were polled than at such special election; that by reason of the failure to post notices in three public places the election was void and the proposed amendment inoperative; that a sale of the municipal securities has been negotiated and, unless restrained, the defendants will deliver the bonds to purchasers, thereby imposing an illegal burden upon plaintiff's property, for the redress of which he has not a plain, speedy, or adequate remedy at law. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit was sustained, and plaintiff declining further to plead the suit was dismissed, and he appeals.                        REVERSED.

For appellant there was a brief with an oral argument by *Mr. Vine W. Pearce.*

For respondent there was a brief with an oral argument by *Mr. Roswell L. Conner.*

MR. JUSTICE MOORE delivered the opinion of the court.

In support of the decree rendered herein, it is maintained by defendants' counsel that the charter of McMinnville became operative February 18, 1903 (Special Laws Or. 1903, p. 499), prior to the first amendment of Section 2 of Article XI of the Constitution of Oregon, permitting legal· voters of every city and town to enact and amend their municipal charters; that such alteration of the organic act rendered section 8 of the city charter inoperative respecting the manner of giving notice of an elec-

tion; and that only reasonable notice thereof is required, which was given.

The section of the charter referred to is as follows:

"The recorder, under direction of the council, shall give 10 days' notice by written notices posted in three public places in the city, of each election to be held, which notices shall state the offices to be filled at such election and the names of the judges and clerks appointed to conduct the same." Special Laws Or. 1903, p. 502.

The published notice was signed by the recorder; stated when the special election would be held; announced the purpose for which it was called; declared that a copy of the proposed amendment of the charter would be furnished each voter in the city; asserted that the notice was issued by order of the common council; gave the names of the judges and clerks of each ward; and located the place therein where the election would be held. It will be seen that the form of the notice complied with the requirements of the quoted provision of the charter, as far as applicable. A departure, however, from the command of the section is observed, in that only one copy of the notice was put up.

It is perhaps true that a majority of the legal voters of every western city or town can not only read the English language, but they take local newspapers and keep informed as to all neighborhood matters that interest or can affect them. In such an age of enlightenment, it will be conceded that the method pursued by the recorder of publishing notice of the special election furnished much better information respecting the proposed amendment of the charter than the posting of written notices in three public places could possibly afford. But, however this may be, as the ordinance granting the prayer of the petitioners declared that the special election should be "in all respects called and conducted in accordance with the provisions of the charter of the city of McMinnville," the command in this respect was impera-

tive, and necessitated the posting of notices in three public places in the city, in the failing to comply with which the election was void, and an error was committed in sustaining the demurrer.

The decree will therefore be reversed, the demurrer overruled, and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.                                                    REVERSED.