Argued May 29, affirmed June 25, 1918.

## FIRST SAVINGS BANK OF ALBANY *v.* MACNEILL.

(173 Pac. 573.)

**Trial—Direction of Verdict—Conflicting Evidence.**

1. Where there was evidence upon both sides of the issue, the judge properly refused to give a peremptory instruction.

**Appeal and Error—Scope of Review—Conflicting Evidence.**

2. Where there is evidence upon both sides of the issue, the court on appeal is powerless to disturb the verdict.

From Linn: PERCY R. KELLY, Judge.

Department 1.

The First Savings Bank, a corporation, brought this action to recover on a promissory note which the defendant, John Macneill, had executed and delivered to the bank.

In his answer Macneill alleged that the note was without consideration and that he had been induced to sign it through fraud and deceit.   The bank claimed that the note was given on account of delinquent interest due from a third party.   The verdict of the jury was for the defendant and the plaintiff appealed.
                                                     AFFIRMED.

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford* and *Mr. Edward F. Bailey,* with an oral argument by *Mr. James K. Weatherford.*

For respondent there was a brief over the name of *Messrs. Hill & Marks,* with an oral argument by *Mr. Gale S. Hill.*

PER CURIAM.—1, 2. The plaintiff requested the court to instruct the jury to return a verdict for it for the amount of the note together with whatever sum might be found to be reasonable as attorney's fees.   The refusal to give this requested instruction is the only error assigned by the plaintiff.   There was evidence to support the position of the plaintiff and there was also evidence to support the position taken by the defendant; and since there was evidence upon both sides of the issue the circuit judge properly refused to give the instruction requested by the plaintiff and for the same reason we are powerless to disturb the verdict of the jury: *Sullivan* v. *Wakefield,* 65

Or. 528, 535 (133 Pac. 641); *West* v. *Kern*, 88 Or. 247 (171 Pac. 413, 416, 1050). Unquestionably, the jurors understood what they were called upon to decide, for the instructions given by the trial court were clear and complete and were fair to both litigants. A discussion of the evidence would serve no good purpose but it is sufficient to say that the entire record has been examined; and since there was evidence for the defendant as well as evidence for the plaintiff, and no prejudicial error occurred during the trial, the verdict of the jury is conclusive upon us and the necessary result is that the judgment appealed from must be affirmed.                    Affirmed.

Bean, J., sitting for McBride, C. J.