Argued on demurrer to alternative writ July 16, writ allowed
July 30, 1926.

## E. D. BRIGGS *v.* DELILIA STEVENS, COUNTY CLERK.

### (248 Pac. 169.)

**Counties—Initiative Petition for Removal of County Seat Need be Signed by Only 15 Per Cent, not Three Fifths, of Legal Voters (Const., Art. IV, § 1a; §§ 3192, 3213, 3214, 4095–4112, Or. L.; Sess. Laws 1919, p. 374)—"District."**

County being "district" within Constitution, Article IV, Section 1A, initiative petition for removal of county seat, signed by over 15 per cent of legal voters, is sufficient; Section 3192, Or. L. (Sess. Laws 1919, p. 374), which prescribes procedure under Sections 4095–4112, rendering signature by three fifths of such voters, as required by act of 1903, Sections 3213, 3214, Or. L., unnecessary.

Mandamus, 38 C. J., p. 721, n. 72.
Statutes, 36 Cyc., p. 942, n. 24, 24 New.

Original proceeding in *mandamus.*

WRIT ALLOWED.

For plaintiff, *Mr. W. M. Briggs* and *Mr. Rawles Moore.*

For defendant, *Mr. Porter J. Neff* and *Mr. Newton C. Chaney.*

McBRIDE, C. J.—This is an original proceeding in *mandamus* to compel the county clerk to file an initiative petition demanding a vote of the people of the county upon the question of removing the county seat of said county from the City of Jacksonville to the City of Medford. No question is raised as to the form of the petition, but it is contended, on behalf of defendant, that an initiative petition for the purpose of changing the location of the county seat is wholly governed by Sections 3213 and 3214, Or. L., which is a codification of the general laws

on that subject passed at the legislative session of 1903, and in effect provides that, upon the presentation of a petition to the County Court for such removal, which petition shall be signed by qualified electors of the county equal in number to at least three fifths of all the votes cast in the county at the preceding election, the County Court must make an order submitting the question of such removal to the electors of the county to be voted upon at the next general election of county officers.

The petitioner, on the other hand, invokes the authority of Section 1a of Article IV of our Constitution, which, among other things, provides the following:

"The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum nor more than fifteen per cent to propose any measure, by the initiative, in any city or town."

The petitioner further invokes the provisions of Section 3192, Or. L., being Chapter 251, Session Laws of 1919, which section is as follows:

"Initiative and Referendum Powers Granted to People of Counties. The people of every county are hereby authorized to enact, amend or repeal all local laws for their county by initiative and referendum process. The method of procedure in the use by the people of any county of these powers is provided

by sections 4095 to 4112, making effective the initiative and referendum powers reserved to the people by sections 1 and 1a of Article IV of the constitution."

Sections 4095 to 4112, Or. L., provide for carrying the authority granted by Section 1a into effect. A county is a district within the meaning of Section 1a of Article IV of the Constitution: *Schubel* v. *Olcott,* 60 Or. 503, 515 (120 Pac. 375.) This proposition being established, it seems clear that Section 3192, *supra,* applies, and being the latest law on the subject, renders the application of the law of 1903, requiring a petition signed by three fifths of the legal voters, unnecessary.

The petitioner avers that the initiative petition presented to the clerk for filing contains the names of more than fifteen per cent of the legal voters, and this is sufficient. No other question than that already discussed is raised and a peremptory writ will issue commanding the clerk to receive and file the petition and thereafter proceed as required by law.          WRIT ALLOWED.

BROWN and COSHOW, JJ., not sitting.