Argued December 20, 1926, writ dismissed January 18, rehearing denied March 8, 1927.

## A. L. HILL and E. D. BRIGGS *v.* W. J. HARTZELL, County Judge.

(252 Pac. 552.)

Counties—Statute Providing for Mailing of Notice to Voters of County Held to Provide Procedure for Initiative Measure to Move County Seat (Or. L., §§ 4095–4112; Laws 1919, pp. 374, 541; Const., Art. IV, § 1a).

1. Sections 4095–4112, Or. L., which require mailing of notice of election to every legal voter of county, *held* to provide procedure applicable to initiative measure to move county seat, in view of Laws of 1919, page 374, and page 541 (Or. L., §§ 7191–7205), and Constitution, Article IV, Section 1a.

Counties—Statute Relating to Enacting of Laws by County Held not Repealed by General Act at Same Session Relating to Municipalities and Districts (Laws 1919, pp. 374, 541; Or. L., §§ 4095–4112).

2. Laws of 1919, page 374, providing that county in exercise of initiative power shall be governed by Sections 4095–4112, Or. L., *held* not repealed by page 541, enacted at same session, relating to

use of initiative and referendum by voters of municipalities and districts, since repeal by implication is not favored.

**Statutes—Later General Statute, not Expressly Repealing Prior Special Statute, Does not Ordinarily Affect Special Provisions of Earlier Statute.**

3. Later statute, general in its terms, and not expressly repealing prior special statute, will ordinarily not affect special provisions of such earlier statute.

**Elections—Statutory Provisions Relating to Notice of General Elections are Directory.**

4. Statutory provisions relative to notice of general elections are directory, and failure to give notice does not render election a nullity.

**Elections—Election Notice is Condition Precedent to Validity of Special Election.**

5. Special election notice is condition precedent to validity of such election, since statutory requirements concerning notice of special elections are mandatory.

**Counties—Election on Initiative Measure to Move County Seat, Though Held at General Election, was as to Such Measure "Special Election."**

6. Where initiative measure to move county seat was voted on at general election at time provided by law for general election, it was as to initiative measure a "special election," since regard must be had to subject matter, as well as time of election.

**Counties—Where Initiative Measure to Move County Seat was Voted on at General Election, and Pamphlets were not Mailed to Voters, as Required by Statute, Such Election was Void (Or. L., § 4103; Laws of 1919, pp. 374, 541; Const., Art. IV, § 1a).**

7. Where election on initiative measure to move county seat was voted on at general election, but pamphlets were not mailed to voters, as required by Section 4103, Or. L., before election, such election was void, even though matter was thoroughly discussed in local press and otherwise, in view of Laws of 1919, pages 374, 541, and Constitution, Article IV, Section 1a.

**Counties—Courts cannot Validate County Seat Election, Where Mandatory Statutory Requirements have not Been Followed.**

8. Court could not validate election on initiative measure to move county seat, where mandatory provisions of statute regarding mailing notice to voters had not been followed.

---

Counties, 15 **C. J.**, p. 437, n. 1, p. 438, n. 4 New, p. 470, n. 84 New.
Elections, 20 **C. J.**, p. 57, n. 34, 35, 38, 39 New, p. 96, n. 35, 36, p. 97, n. 37, 38, 41, p. 181, n. 77.
Statutes, 36 **Cyc.**, p. 1071, n. 25, p. 1087, n. 92, p. 1089, n. 96.

3. See 25 **R. C. L.** 919.
4. Effect of provision for notice of general election, see notes in 86 Am. Dec. 74; 90 Am. St. Rep. 67; Ann. Cas. 1913E, 374. See, also, 9 **R. C. L.** 991.
5. See 9 **R. C. L.** 991.
6. See note, 22 **L. R. A.** (N. S.) 483.

ORIGINAL PROCEEDING IN MANDAMUS.

WRIT DISMISSED.     REHEARING DENIED.

For the plaintiff, *Mr. A. E. Reames* and *Mr. William M. Briggs.*

For the defendant, *Mr. Newton C. Chaney,* District Attorney.

For intervener, *Mr. Harrison G. Platt.*

BELT, J.—This is an original proceeding in *mandamus* to compel the defendant County Judge of Jackson County to issue a proclamation declaring an initiative measure to move the county seat from Jacksonville to Medford to be in full force and effect as a result of the vote cast at the general election in November, 1926. In *Briggs* v. *Stevens* (Or.), 248 Pac. 169, a peremptory writ was issued directing the county clerk to accept and file the initiative petition and to proceed in manner prescribed by statute relative to submission of county seat question to vote of the people. The county clerk, in obedience to the mandate of this court, caused the measure thus to appear on the official ballot:

"COUNTY.

"Proposed by Initiative Petition.

"Jackson County Seat Removal Bill—Purpose: To provide that the county seat of Jackson County, Oregon, be removed from the town of Jacksonville, said county, to the City of Medford, in said county, and that from and after the first day of July, 1927, said City of Medford shall be the county seat of said Jackson County. Vote Yes or No.

"500  Yes.
"501  No."

The official canvass of the vote disclosed that there were 4,771 ballots marked "Yes" and 2,941 ballots marked "No." There were 13,051 voters in the county who were qualified to vote on the question.

It is conceded that the only official notice given relative to such measure was that of the general election to be held in November, which notice, *inter alia,* recited that there would be submitted to the legal voters, for their approval or rejection, measures "Proposed by Initiative Petition." No copy of the title and text of the proposed measure was printed in pamphlet form and transmitted by mail to the voters of Jackson County, as required by Section 4103, Or. L. The general election notice did not purport to inform the voters that any particular initiative measure would be submitted for their rejection or approval.

It is the contention of petitioners that the procedure to be followed by counties in the exercise of the right to initiate laws, as reserved by Section 1a of Article IV of the Constitution of Oregon, is provided by Chapter 301, Laws of Oregon for 1919, being Sections 7191 to 7205, inclusive, Or. L., whereas defendant asserts that the procedure applicable to the initiation of the measure in question is provided by Sections 4095 to 4112, inclusive, Or. L., which requires the mailing to every legal voter of the county a pamphlet containing the title and text of the measure to be voted upon. If the proposed measure is submitted at a general election the pamphlet must be mailed not later than the fifty-fifth day before the date of the election, but if the matter be voted upon at a special election, then such pamphlet must be mailed not less than twenty days prior thereto.

1-3. We are of opinion that Sections 4095 to 4112, inclusive, Or. L., provide the procedure applicable

herein. In *Barber* v. *Johnson,* 86 Or. 390 (167 Pac. 800, 1183), the validity of the election determining the county seat of Jefferson County was involved. The question was submitted through a proposed initiative measure and voted upon at the time of the general election in November. This court, in speaking of the grant of initiative power to counties, said:

" * * * when the power is shown to exist Sections 3470–3485, L. O. L. (Secs. 4095–4112, Or. L.), provide a procedure adequate for its exercise."

Chapter 251, Laws of 1919, omitting title to the act, provides:

"The people of every county are hereby authorized to enact, amend or repeal all local laws for their county by initiative and referendum process. The method of procedure in the use by the people of any county of these powers is provided by sections 3470 to 3485 of Lord's Oregon Laws (Secs. 4095–4112, Or. L.), and amendments thereof, making effective the initiative and referendum powers reserved to the people by sections 1 and 1–a of article IV of the constitution."

Furthermore, in *Briggs* v. *Stevens, supra,* wherein this particular election was involved, this court, through Chief Justice McBRIDE, said:

"Sections 4095 to 4112, Or. L., provide for carrying the authority granted by Section 1a (Art. IV of the Constitution) into effect."

In the light of these decisions and the specific statutory enactment (Chapter 251, Laws of 1919), it is difficult to understand why the procedure thus designated was not followed. It is argued that Chapter 301, Laws of 1919, entitled an act "Providing the method to be pursued by municipalities and districts, other than incorporated cities and towns, in

the application and and exercise of the powers re-
served to the legal voters of municipalities and dis-
tricts by section 1-a of article IV of the constitution
of the state of Oregon, and to regulate elections there-
under, and to punish violations of this act, and de-
claring an emergency," ought to control since it is
the later enactment upon the right of the exercise
of initiative powers by "municipalities and districts
other than incorporated cities." Relative to the act
last mentioned it is urged that it requires no voters'
pamphlet to be mailed, and hence the notice of general
election is sufficient. It is true that it has been held
by this court that the words "municipalities and dis-
tricts" as used in Section 1a, Article IV of the Con-
stitution are broad enough to include the term "coun-
ties" (*Barber* v. *Johnson, supra*), but it does not
follow that this general act has repealed by implica-
tion the specific act (Chapter 251) passed at the
same session of the legislature, which, with marked
particularity, states that counties in the exercise of
initiative powers shall be governed by Sections 4095
to 4112, Or. L. Repeal by implication is not favored.
As said by Mr. Justice BREWER in *Rodgers* v. *United
States,* 185 U. S. 83 (46 L. Ed. 816, 22 Sup. Ct. Rep.
582):

"It is a canon of statutory construction that a
later statute, general in its terms and not expressly
repealing a prior special statute, will ordinarily not
affect the special provisions of such earlier statute.
In other words, where there are two statutes, the
earlier special and the later general—the terms of the
general broad enough to include the matter provided
for in the special—the fact that the one is special and
the other is general creates a presumption that the
special is to be considered as remaining an exception
to the general, and the general will not be understood

as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special."

In *Crane* v. *Reeder,* 22 Mich. 322, quoted with approval in *Rodgers* v. *United States, supra,* we find this clear statement of the rule of construction:

"Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature is not presumed to have intended a conflict."

Also see *Home Telephone Co.* v. *Moore,* 75 Or. 117 (145 Pac. 635); *State ex rel.* v. *Sanborn,* 101 Or. 686 (201 Pac. 430).

Having held that the voters' pamphlet, as provided by Section 4103, Or. L., should have been mailed to the voters of Jackson County, we are brought to the question: What effect did the failure thus to comply with the statute have upon the validity of the election held? The answer hinges upon the determination of whether this statutory provision in reference to notice is directory or mandatory.

4, 5. It is well settled that failure to give statutory notice of a general election does not render it a nullity. The law fixes the time, place and object of the election, and voters are bound to take cognizance of the same. Statutory provisions relative to notice of general elections are therefore directory and serve merely to bring to the attention of the voters the calling of an election already authorized by law: *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120

Am. St. Rep. 786). But as to special elections it is well settled that the statutory requirements concerning notice are mandatory. A special election notice is a condition precedent to the validity of the election: *State ex rel.* v. *Sengstacken,* 61 Or. 455 (122 Pac. 292, Ann. Cas. 1914B, 230); *State* v. *Port of Tillamook,* 62 Or. 332 (124 Pac. 637, Ann. Cas. 1914C, 483); *Marsden* v. *Harlocker, supra.* In the instant case it is conceded that the notice as required by Section 4103, Or. L., was not given.

6. We think the election in question, although held at a time provided by law, was, as to the proposed initiative measure, a special election. Regard must be had to the subject matter as well as the time of the election. The question of changing a county seat does not arise, nor is it placed upon the ballot by operation of law. It is out of the usual routine such as the election of state and county officers, whose terms are fixed by law, and therefore the statutory requirements concerning notice of the submission of such measures should at least be substantially observed.

In *Marsden* v. *Harlocker, supra,* a local option election relative to the sale of intoxicating liquor was held at the time of the general election, yet it was held to be a special election as to such question. Speaking of the distinction between general and special elections, Justice MOORE in the case last cited, said:

"If, by operation of law, the election invariably occurs at stated intervals, without any superinducing cause, except the efflux of time, the election is general, in which case all qualified persons are presumed to have knowledge thereof, and hence the failure of any officer or person upon whom the duty devolves to give a prescribed notice does not invalidate the votes cast

thereat. Where, however, some local project may be initiated by petition or other means, an election to determine whether such proposition shall be adopted is special, and the electors cannot be presumed to have knowledge of an application of the power which calls for the necessity of exercising the electoral franchise, in which instance a compliance with all the statutory requirements in respect to the performance of the conditions precedent is mandatory in order to validate the election.''

In *Barber* v. *Johnson, supra,* the election to change the county seat was upheld although the notice of the general election failed to notify the electors that such question would be submitted, but there was a compliance with the statute in reference to the mailing of the voters' pamphlet. It was there said:

''Section 3478 (now 4103, Or. L.) provides that the Secretary of State shall incorporate in a pamphlet the text of all such measures with arguments for and against their adoption, if such arguments are tendered, and it is provided that this pamphlet shall be mailed to every voter. The legislature evidently regards this notice as sufficient.''

The court in *State ex rel.* v. *Martin,* 83 Mo. App. 55, thus considered the principle here involved.

''It is conceded by counsel for appellant that the statute provides for twenty-eight days notice, and they also concede that if the proposition had been submitted at a special election, then under the decisions in this state in analogous cases (*State* v. *Tucker,* 32 Mo. App. 620; *State* v. *Kampman,* 75 Mo. App. 188; *State* v. *Ruark,* 34 Mo. App. 325), the provision of the statute as to notice would have to be construed as mandatory, and a strict compliance therewith necessary. But it is earnestly argued that as the question was submitted at a general election, of which all voters had notice, the statutory notice must be

considered as directory merely. The logic of this argument is that if the question of the adoption of the law be submitted at a general election no notice whatever is necessary. We think this untenable. The object of the notice is twofold, that is to advise the voters of the time and place of election, and to give them sufficient time to discuss the merits and demerits of the law, thus guaranteeing an intelligent vote on the subject. Therefore it seems to us that the argument of counsel overlooks one of the chief purposes of the notice. We have no direct adjudication of the question in our own state, but analogous cases in other jurisdictions are against the contention of counsel.''

In support of the conclusion here reached that the election is special so far as it pertains to the initiative measure under consideration, also see *Norton* v. *Coos Co.*, 113 Or. 618 (233 Pac. 864); *Scheible* v. *Borough of Hightstown et al.*, 93 N. J. Laws, 69 (106 Atl. 25); 20 C. J. 57, and cases collated in note, 22 L. R. A. (N. S.) 483.

We have no doubt, as suggested by petitioners, that the county seat removal matter was thoroughly discussed in the local press and by the citizens generally. Perhaps no voter was taken by surprise when he saw the question stated upon the official ballot at the election in November, but, even so, statutory notice cannot thus be disregarded. As stated in *State ex rel.* v. *Sengstacken, supra:*

''Whatever the rule may be in other states, it is settled in Oregon that at a special election the notices thereof, required by statute to be given, constitute a condition precedent which must be observed in order to validate measures to be voted upon. *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786)'; *Guernsey* v. *McHaley,* 52 Or. 555 (98 Pac.

158); *Wright* v. *McMinnville,* 59 Or. 397 (117 Pac. 298).''

In *Palmberg* v. *Astoria,* 63 Or. 222 (127 Pac. 32), there was a failure to mail printed pamphlet of measure as required by ordinance and, on account thereof, the validity of the election to amend the charter was challenged. In disposing of the question, this court said:

''It will be seen that the pamphlet thus required to be printed is a species of notice, a perusal of which by the legal voters of an incorporated town or city informs them of the privileges expected to be bestowed or the burdens contemplated to be imposed by an ordinance or amendment of the city charter. The provisions of Ordinance No. 3315, regulating the procedure initiated by petition, having demanded the printing of 'a true copy of the title and text of each ordinance or amendment to be submitted,' was not observed in the particulars specified. *The failure in this respect having been a want of notice, the defect is fatal. Wright* v. *McMinnville,* 59 Or. 397 (117 Pac. 298); *State ex rel.* v. *Sengstacken,* 61 Or. 455 (122 Pac. 292, Ann. Cas. 1914B, 230).''

7, 8. Since the election was special and no attempt was made to comply with the mandatory provisions of Section 4103, Or. L., as to mailing of voters' pamphlet, it follows that the election relative to the changing of the county seat from Jacksonville to Medford is void. Courts ought to be, and are, very reluctant to interfere with the will of the people as expressed at an election, but cannot validate an election of this character wherein there has been a total failure to follow the plain and explicit mandate of the statute as specifically pointed out by this court in *Briggs* v. *Stevens, supra.*

In this opinion no consideration has been given to the question as to whether the proposed initiative measure was legally entitled to be placed upon the ballot, as the law in reference to that matter was settled in *Briggs* v. *Stevens, supra.*

The alternative writ is dismissed.

WRIT DISMISSED.   REHEARING DENIED.