Argued October 8; reversed October 14, 1930

STATE ex rel. McHENRY, District Attorney, v.
MACK

(292 P. 306)

*Arthur Clarke* of Corvallis (Fred McHenry, District Attorney, of Corvallis, on the brief) for appellant.

*J. K. Weatherford* of Albany (Weatherford & Wyatt of Albany on the brief) for respondents.

BROWN, J. The plaintiff's right of action is predicated upon the alleged fact that the pretended petitions in controversy did not have any ballot title whatsoever "on the cover thereof, or elsewhere on such pretended petitions, or any of them." The defendants' demurrer admits the verity of this allegation.

■ In our discussion of this cause, we shall keep in mind that the language of the constitution, and the statutes enacted for the purpose of carrying out the provisions thereof, should have a liberal construction, "to the end that this constitutional right of the people may be facilitated, and not hampered by either technical statutory provisions or technical construction thereof, further than is necessary to fairly guard against fraud and mistake in the exercise by the people of this * * * right": *State ex rel. Case v. Superior Court,* 81 Wash. 623, 632 (143 P. 461, 463, Ann. Cas. 1916B, 838). We quoted this language with approval in *State ex rel. Carson v. Kozer,* 108 Or. 550 (217 P. 827).

■ An understanding of the meaning of the word "county" is necessary to a determination of this case. That a county is a district, within the meaning of section 1a, article IV, Oregon Constitution, see *Schubel v. Olcott,* 60 Or. 503 (120 P. 375), where the court said:

"And a county is clearly a municipality or district, within the meaning of this section."

See, also, *Briggs v. Stevens,* 119 Or. 138 (248 P. 169).

Section 1a, article IV, Oregon Constitution, reads:

"The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation."

■■■ The method of procedure in the use by the people of the powers reserved to them by sections 1 and 1a of article IV of the Constitution is provided by sections 4095-4112 of our code. See Or. L., § 3192. Section 4100 thereof provides for the framing of ballot title by the Attorney General whenever any measure to be referred to the people of the state, or of any county, or district composed of one or more counties, whether by the initiative or the referendum, shall be filed with the secretary of state as provided therein. That section, as amended by chapter 255, General Laws of Oregon, 1927, relieves the Attorney General of the duty of framing ballot titles for a single county, or for municipalities, and provides that "when a copy of the petition for any measure to be referred to the people of the state, or of any district composed of two or more counties, either by the initiative or the referendum, shall be filed with the secretary of state, as provided in section 4097, * * * the secretary of state shall forthwith transmit two copies thereof to the attorney general," who shall frame a ballot title therefor. It further provides:

"A copy of the ballot title as prepared by the attorney general shall be furnished by the secretary of state with his approved form of any initiative or refer-

endum petition, as provided in said section 4097, to the person or persons, or organization or organizations under whose authority the measure is initiated or referred. Said ballot title shall be used and printed on the covers of the petition when in circulation; the short title shall be printed in type not less than twenty points on the covers of all such petitions circulated for signatures. The ballot title shall contain: (1) A distinctive short title in not exceeding ten words by which the measure is commonly referred to or spoken of, and which shall be printed in the foot margin of each signature sheet of the petition. (2) A general title which may be distinct from the legislative title of the measure, expressing in not more than 100 words the purpose of the measure. The ballot title shall be printed with the numbers of the measure on the official ballot.''

Section 4111 prescribes the procedure of referendum on laws affecting a county or district. This section was enacted as chapter 210, General Laws of Oregon, 1909, which is entitled:

''An Act to provide for carrying into effect the referendum powers reserved by the people in section 1 and section 1a of article IV of the Constitution of the state of Oregon on local and special legislation affecting counties and districts other than municipal corporations.''

The act reads:

''Be it enacted * * * that any law enacted by the Legislative Assembly, relating only to any county or district in the state of Oregon, other than municipal corporations, may be referred to the people of such county or district for their approval or rejection, in the same manner as now or hereafter provided by law for the reference of general laws to the people of the entire state, excepting that when any law relates only to one county, the county clerk shall be substituted for the Secretary of State, the district attorney for the Attorney General, and the county judge for the Governor.''

This section was amended by chapter 82, General Laws of Oregon, 1921, to read:

"Section 4111. That any law enacted by the Legislative Assembly relating only to any county, district, port or municipal corporation, other than a city or town, in the state of Oregon, may be referred to the people of such county, district, port, or municipal corporation, for their approval or rejection, in the same manner as now or hereafter provided by law for the reference of general laws to the people of the entire state, excepting that when any law relates to one county or a district, port, or municipal corporation situated wholly within one county, the county clerk shall be substituted for the secretary of state, the district attorney for the attorney general, and the county judge for the governor."

See, also, chapter 425, General Laws of Oregon, 1927.

The defendants, by their counsel, assert that by chapter 255, General Laws of Oregon, 1927, amending Or. L., § 4100, the words "or of any county" were eliminated from that section. True, these words were so eliminated; and this was done to harmonize the duties imposed upon the Attorney General and the district attorney as provided in Or. L., §§ 4100 and 4111, which last-named section, at the time chapter 255 was enacted, was, and now is, a law of this state, in full force and effect.

The defendants have relied upon the cases of *Palmer v. Benson,* 50 Or. 277 (91 P. 579); *State v. Langworthy,* 55 Or. 303 (104 P. 424, 106 P. 336), and *Day v. Salem,* 65 Or. 114 (131 P. 1028, Ann. Cas. 1915A, 1011), all of which were decided prior to the enactment of chapter 176, General Laws of Oregon, 1917, which chapter, for the common welfare, tightened the law by

providing for the printing and using of the ballot title on the covers of referendum petitions when in circulation.

As we have heretofore stated, the verity of the plaintiff's allegation that, when the pretended petitions were circulated for signatures, they had no ballot title whatsoever "on the cover thereof or elsewhere," is admitted by the demurrer. This being true, the question now arises: Was the failure to follow the statute fatal? In other words, is the command of the statute mandatory, or is it merely directory?

As bearing on this question, note the following pertinent excerpt from 20 C. J., 181, § 233:

"Where the terms of the statute are absolute, explicit, and peremptory, no discretion is given. * * * But this rule must be considered in connection with another rule that a statute prescribing the duties of election officers may be held either mandatory or directory, according to the time and manner in which it is questioned. Before election it is mandatory if direct proceedings for its enforcement are brought, but after election it should be held directory, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or the ascertainment of the result, or unless the provisions affect an essential element of the election, or it is expressly declared by the statute that the particular act is essential to the validity of the election, or that its omission will render it void."

Finally: That there can be no valid referendum of any law except in pursuance of constitutional or statutory authority and regulation, see *State ex rel. Swan v. Kozer,* 115 Or. 638 (239 P. 805).

In the instant case, the petitioners for the referendum have failed to pursue the course directed by statute for placing the measure upon the official ballot.

It is the unanimous opinion of the officers of this court that chapter 439, General Laws of Oregon, 1929, is, and since June 4, 1929, has been, a law, in full force and effect, and its operation has never been lawfully suspended. It follows that the trial court erred in sustaining the demurrer and decreeing that the complaint be dismissed. The decree is therefore reversed, and the county clerk of Benton county is hereby enjoined from placing this chapter upon the official ballot to be approved or rejected by the people at the general election to be held on November 4, 1930.