Argued April 2, affirmed April 24, petition for rehearing
denied May 21, 1963

HANSELL ET AL and HARVEY ALUMINUM v.
DOUGLASS ET AL
380 P. 2d 977

*David A. Rhoten* and *Sam F. Speerstra,* Salem, argued the cause for appellants and intervenor-appellant. With them on the briefs were Rhoten, Rhoten & Speerstra, Salem.

*M. D. Van Valkenburgh,* The Dalles, and *Howard A. Rankin,* Portland, argued the cause for respondents. With them on the brief were Heisler & Van Valkenburgh, The Dalles, and Shuler, Sayre, Winfree & Rankin, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

This was a declaratory judgment proceeding by which plaintiffs, and the intervenor, challenged a school election. The challenged election favored the consolidation of three school districts in Wasco county. The trial court found that the election was valid. Plaintiffs and intervenor appeal.

The major premise of plaintiffs' challenge is found in this statement taken from their brief:

> * * * "There can be no doubt that a school election is an exercise of the initiative process and subject to the statutes enacted pursuant to Art. IV, Sec. 1a of the Oregon Constitution."

Plaintiffs cite no authority to support this statement.

Article IV, § 1a of the Constitution provides that the initiative and referendum power are reserved to the "legal voters of every municipality and district as to all local, special and municipal legislation * * *." Chapter 254 of ORS contains the statutes referred

to by plaintiffs, above, governing the procedure required to begin and hold an initiative election. Plaintiffs' claim that the failure to follow that procedure by the respective school officials who conducted the challenged election caused the election to be void. The election procedure that was followed in this election was that set forth in ORS 330.110 et seq. The latter statutes are enactments that apply to all school districts and relate specifically to elections for the consolidation of school districts.

■ Plaintiffs' premise as to the law governing the election was wrong. Prior decisions of this court, contrary to plaintiffs' theory, make it abundantly clear that a school district was not a "municipality or district" that was granted the initiative power by Article IV, § 1a. *School District No. 35 v. Holden,* 1915, 78 Or 267, 151 P 702; *School District No. 17 v. Powell,* 1955, 203 Or 168, 279 P2d 492. And particular reference is made to the searching opinion of Justice HARRIS in *Rose v. Port of Portland,* 1917, 82 Or 541, 162 P 498.

Prior to the decision in the *Rose* case this court had given conflicting decisions construing the meaning of Article IV, § 1a and its companion amendment of 1906, Article XI, § 2. The latter was the Home Rule Amendment. See *Burton v. Gibbons,* 1934, 148 Or 370, 36 P2d 786.

The opinion in the *Rose* case decided that the two amendments must be construed together and then exhaustively analyzed the two amendments with unusual clarity and reason. The conclusion was reached that the two amendments extended the initiative power only to those municipalities and districts that had the power to legislate; basically cities and towns. The opinion said  *  *  *  "no other corporate body can, without

an enabling act, legislate power unto itself to legislate." 82 Or at 573. The case held that the Port of Portland did not have the initiative power. A year later, in *Carriker v. Lake County,* 1918, 89 Or 240, 171 P 407, 173 P 573, Justice HARRIS, in even more emphatic language, applied the same rule to a county:

> \* \* \* "In obedience to a rule of construction recognized and applied everywhere this court has at all times and without a single dissenting voice read and construed these two sections of the Constitution together: State v. Port of Astoria, 79 Or. 1, 10 (154 Pac. 399); and when they are construed together the inevitable conclusion is that every municipality must have a charter and since cities and towns are the only municipalities which are granted the power to make their own charters it follows that a county cannot make its own charter. A county cannot enact a law unless the power to enact that law is referable to a grant of power made by the people of the whole state or by their representatives, the legislature. \* \* \* As pointed out in Rose v. Port of Portland, 82 Or 541, 553-558, 570 (162 Pac. 498), the words found in the two sections of the Constitution, when read together, define the extent of the power of the referendum and define and limit the power of the initiative." 89 Or 245, 246, opinion on petition for rehearing.

The same rule would apply equally, if not more so, to a school district. "Although the municipality in *Rose v. Port of Portland* was a port and the municipality in the instant case is a county, nevertheless the legal principle involved is identical in both cases." *Carriker v. Lake County,* supra, 244.

The *Rose* case is also important here for its determination that the two amendments did not limit the power of the legislature to enact general legislation governing all municipalities and districts.

The plaintiffs' contentions, therefore, that the election was invalid because the procedures for an initiative election were not followed are without merit.

Plaintiffs also complain of other alleged deficiencies in the election procedure. These allegations relate to the manner in which notice of the election was given; the failure to make proper entries in the minutes of the meetings of the school districts involved in the consolidation; the failure to properly seal the ballot boxes after the election and similar charges of "gross negligence and disregard of official duties   *   *   *."

■ In respect to all of these contentions we fully agree with the thoughtful and considered opinion of the trial judge who found that:

"With reference to the other claimed errors in failure to follow the statutory procedure, it is my opinion that the plaintiffs have the burden of proving that such irregularities would actually have changed the result of the election. *School District No. 17 vs. Powell, supra,* [207 Or 168 before cited], follows the rule of the *Witham* case [Witham v. McNutt, 1949, 186 Or 668, 208 P2d 459] to the effect that the election would not be invalidated by a court for ministerial, procedural or other imperfections which do not leave a probability that the result of the election would have been changed. In this case there is no allegation or claim of fraud in the method in which the ballots were cast, in counting of the ballots or the manner in which the ballots and the ballot boxes were handled after the election, nor do we have any tampering with the ballots or allegations pertaining thereto.

"I have reviewed the entire record and the allegations of plaintiffs with reference to these alleged defects in carrying out the statutory provisions, and it is my opinion that while there are ministerial defects so far as the statutory procedure is concerned, the outcome of the election was not af-

fected thereby and it is therefore improper for this Court to declare the election void for these reasons."

The court also found that there had been substantial compliance with the statutory requirements in accordance with the decisions in the *Powell* and *Witham* cases above cited. In this respect it is well to also cite the valuable volume of Edwards, The Court and The Public Schools, (rev. ed 1955), page 58, et seq. to show that this court follows the "pronounced weight of authority" in subscribing to the substantial compliance rule.

■ There is a further assignment that the trial court erred when, long after the case had been submitted, the court refused to allow an amendment to the complaint. The proposed amendment contained what were alleged to be newly discovered facts. ORS 16.390 permits the court to permit amendment "* * * at any time before the cause is submitted, * * *." The trial court found that the cause had been submitted and that the amendment injected a new issue. The trial court did not abuse its discretion when it denied leave to amend. *Tracy and Baker v. City of Astoria,* 1951, 193 Or 118, 129, 237 P2d 954, 959. And see *State ex rel Konen Construction Co. v. United States Fidelity & Guaranty Company,* 234 Or 554, 380 P2d 795.

Affirmed.