Argued April 3, affirmed April 24, 1963

# SKOKO ET AL *v.* CLACKAMAS RURAL FIRE PROTECTION DISTRICT NO. 71 ET AL

380 P. 2d 809

*John O. Sheldahl,* Oregon City, argued the cause for appellants. With him on the brief was John P. Misko, Oregon City.

*Michael J. Walsh,* Portland, argued the cause for respondents. With him on the brief were Shuler, Sayre, Winfree & Rankin, and Howard A. Rankin, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

Plaintiffs alleged that an election held within the defendant fire protection district violated statutory requirements for the election and was invalid. The election authorized taxes to be levied in excess of the six percent constitutional limitation. Plaintiffs complained that the ballot submitted to the voters did not meet statutory requirements.

ORS 310.390 (1) is the statute we are concerned with:

"The question of increasing any tax levy when submitted to the vote of the people as provided in ORS 310.310 to 310.390, shall be stated on the ballot by including in the question the statement of the reasons for increasing the levy made by the tax levying body of the county, district or municipality, or by the board, officer, or officers upon whose certificate the election is called and held. The votes of the people shall be given upon the answers 'yes' and 'no' in the usual manner of submitting questions to vote of the people."

The ballot used in the challenged election was in the following form:

## "S T U B

To be torn off by The Chairman of the
Election Board

---

## OFFICIAL BALLOT

for

## CLACKAMAS RURAL FIRE PROTECTION DISTRICT NO. 71

### BUDGET LEVY ELECTION

Held in Clackamas Rural Fire Protection District No. 71, of Clackamas County, State of Oregon, on the 21st day of June, 1962, at the Clackamas Water District Office, Clackamas, Oregon

---

QUESTION SUBMITTED TO THE LEGAL VOTERS OF SAID DISTRICT: 'Shall the Clackamas Rural Fire Protection District No. 71, Clackamas County, Oregon, adopt a local tax budget for the fiscal year 1962-63 in the total amount of $33,730.00, excluding any levy for outstanding bonded indebtedness and accruing interest thereon. This budget levy will exceed the tax base plus 6% thereof by the sum of $13,137.01?'

---

The Board of Directors of Clackamas Rural Fire Protection District No. 71 states that the amount of $13,137.01 in excess of the District's tax base, plus 6% thereof is required to purchase additional fire fighting equipment, including fire hose, nozzles and protective clothing, a hose drying tower to prolong the useful life of fire hoses, and the employment of one full time additional individual to adequately service the existing fire alarm system.

The voter shall place a cross (✕) before the words 'YES I vote for the tax budget levy' or before the words 'NO I vote against the tax budget levy,' to signify his choice.

( )   YES, I vote for the Tax Budget Levy.

( )   NO, I vote against the Tax Budget Levy."

Plaintiffs contended that the statement of the purposes for the need of the levy, contained in the second paragraph on the ballot, should have been included in the question stated at the top of the ballot. This was the only cause assigned by plaintiffs for avoiding the election.

■ This court has long followed the rule that substantial compliance with an election statute, such as that in question, will sustain the election. See an extensive review of the Oregon cases in *Witham v. McNutt et al,* 1949, 186 Or 668, 686, 208 P2d 459. There is no need to again say the same things that are to be found in that opinion nor to again cite all the cases there reviewed. The Oregon decisions place this court in the company of most of the other courts that have examined similar problems. 2 Antieau, Municipal Corporation Law, 1962, § 17.11, 546; 3 McQuillin, Municipal Corporation, (3d ed 1949), § 12.13, 95.

■ In this case there was substantial compliance. There is no question here of any fraud or misconduct. We have here, also, a case in which no one testified that he was misled by the ballot. Nor was there any allegation that the outcome of the election would have been changed had the ballots been prepared in some other form. Such an allegation and evidence to support it were essential. *Witham v. McNutt et al,* supra, 186 Or 698. The able trial judge found:

"The voters of the district were fully advised

of the measure they were voting upon and no elector was misled in any manner by the form of the ballot. There was no deliberate or material violation of the election laws."

We agree. The judgment is affirmed.