Appellants initiated this suit challenging the validity of the City of Birmingham's annexation of territory lying within the Oxmoor Valley section of southwestern Jefferson County. The trial court held the annexation valid. We reverse.
This annexation has been the subject of protracted litigation for over two years. It has been before this court in the past on collateral issues[1] and from the posture of the issues before us now, it appears that its end will again be prolonged until a later date.
The City of Birmingham began the Oxmoor annexation on February 4, 1975, when the City Council adopted a resolution of annexation. On February 5, 1975, the mayor approved the annexation resolution and on February 7, 1975, filed a copy with the Judge of Probate of Jefferson County. On the same day, the judge of Probate ordered an election to be held on March 8, 1975, by the qualified electors residing within the Oxmoor area. As prescribed by statute, the election notice was published in The Birmingham Post-Herald, a newspaper of general circulation in Jefferson County, once a week for three consecutive weeks prior to the election.
On February 10, 1975, the City of Homewood adopted an ordinance annexing certain property owned by W.T. Mayfield, Jr., Mary Clyde Mayfield, W.C. Renneker, Anne M. Renneker, and the Mason Corporation, which territory lay within the same area proposed to be annexed by the City of Birmingham in the Oxmoor Valley. On February 12, 1975, the City of Birmingham filed an action contesting the legality of the Homewood annexation and seeking a temporary restraining order against the City of Homewood. The Mayfields, the Rennekers, and the Mason Corporation intervened and they and the City of Homewood challenged the validity of the Birmingham annexation. This suit is still pending in the Circuit Court of Jefferson County.
The present action was brought by the Mead Corporation on February 17, 1975, against the City of Birmingham, contesting the legality of Birmingham's proposed annexation. United States Steel Corporation later intervened as a plaintiff. The appellants successfully sought a temporary restraining order against the March 8, 1975, annexation election. On March 5, 1975, by an order of this court styled Ex parte City ofBirmingham: Petition to Stay or Set aside Temporary RestrainingOrder, S.C. 1158, this court stayed the temporary restraining order and ordered the Judge of Probate to proceed with the annexation election.[2] In the March 8, 1975, election the voters in the Oxmoor annexation area chose to come into the City of Birmingham.
The appellants contend the Birmingham annexation is invalid for several reasons. These include challenges to the sufficiency of the election notice, sufficiency of the legal description, improper filing of a map of the area annexed, and the contention that part of the area annexed was already part of the City of Homewood, annexed pursuant to their order of February 10, 1975. The trial court ruled in Birmingham's favor on all grounds.
The appellants further contend the City of Homewood and various persons are indispensable parties within Rule 19, ARCP, requiring reversal of the trial court for failure to join these parties.
It is a general rule of law, and a long standing one in this State, that the absence of an indispensable party can be raised for the first time on appeal by the parties or by the appellate court on its own motion. Davis v. Burnette, 341 So.2d 118 (Ala. 1976); Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259 (1946);Amann v. Burke, 237 Ala. 380, 186 So. 769 (1939); 3A Moore's Federal Practice, § 19.05[2]. *Page 421 
Appellants contend the failure to join the City of Homewood, the Mayfields, the Rennekers, and the Mason Corporation — all parties to the Homewood-Birmingham suit — will result in potentially divergent results between this suit and the Homewood-Birmingham suit causing inconsistent obligations on the part of the landowners in the twice annexed area. Appellants hypothesize that affirming the trial court's decree upholding the Birmingham annexation would not prevent an adjudication in the Homewood-Birmingham suit that the Homewood annexation was valid. This would result in persons living in the twice annexed area being residents of the City of Birmingham and the City of Homewood simultaneously.
Appellee counters that affirming the trial court does not mandate such an inconsistence because the parties to the Homewood-Birmingham litigation will be precluded from relitigating certain factual matters determined in the trial of this suit. Specifically, the trial court found the following:
 ". . . [I]t is well recognized that once a municipality has officially commenced proceedings directed toward annexing certain territory, that municipality retains full and exclusive jurisdiction over such territory until the conclusion of said proceedings. See 1 Yokley, Municipal Corporations, 56-57; 2 McQuillin, Municipal Corporations, Section 7.22a; City of Tualatin v. City of Durham [249 Or. 536], 439 P.2d 624 (Or. 1968); City of Countryside v. Village of LaGrange [24 Ill.2d 163], 180 N.E.2d 488
(Ill. 1960); City of Lincolnshire v. Highbough [Highbaugh] Realty Co., 278 S.W.2d 636 (Ky.App. 1955). Here it is clear that Birmingham took the first step in passing the Annexation Resolution on February 4, 1975, several days before Homewood began its annexation efforts. This Court finds, therefore, that (a) Birmingham had and has retained exclusive jurisdiction of the Oxmoor Area for annexation purposes; (b) Homewood had no right or power to initiate any subsequent annexations in this territory; and (c) the Oxmoor Annexation was not an infringement upon Homewood's city limits."
The trial court's finding of fact and decree cannot in any way be binding on the litigants to the Homewood-Birmingham suit who were not parties to this suit, nor in privity with, nor represented by any of the parties to this suit. Hansberry v.Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); 1B Moore's Federal Practice, § 0.406[2]. Thus, there exists the possibility, however improbable, that the persons living in the disputed area would be adjudged residents of two municipalities. Rule 19 of the Alabama Rules of Civil Procedure provides that:
 "A person who is subject to jurisdiction of this court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action in his absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ."
Our decision is not based upon a determination that the landowners of the twice annexed area are indispensable parties. Any inconsistent obligation they might incur are derivative to the annexation claims of the City of Homewood. Homewood's claims being primary, from which the claims of others are dependent, only the City of Homewood is an indispensable party.
A determination under Rule 19 (a) that a person should be joined, in effect, is a determination that the person is an indispensable party. Rule 19 (b) sets forth four factors to consider in determining whether an action should proceed in the absence of such a person. If after consideration of the factors it is determined that the court in equity and good conscience should not continue without the presence of the absent person, then the person is an indispensable party. Rule 19 ARCP. The four factors to be considered under Rule 19 (b) are as follows: *Page 422 
1. The extent of a judgment rendered in the person's absence might be prejudicial to him or those already parties.
2. The extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided.
3. Whether a judgment rendered in the person's absence will be adequate.
4. Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
A judgment in favor of Birmingham in this case is inadequate because of the absence of Homewood. Not bound by the judgment in this case, Hansberry v. Lee, supra, Homewood may relitigate any matter in the Homewood-Birmingham suit — possibly resulting in conflicting results. Also, the City of Birmingham is not denied an adequate remedy by reversal for failure to join Homewood. The City of Homewood is readily subject to joinder, and once joined, this matter can be resolved on the merits.
 "In spite of the simplicity of the principles, however, their application to cases in which it is essential to distinguish between necessary and indispensable parties, bears out the statement made by the Supreme Court that `there is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not.' On the one hand is the desirability of preventing a multiplicity of suits, and that there might be a complete and final decree between all parties interested. Opposed to this is the desirability of having some adjudication, if at all possible, rather than none that leaves the parties remediless due to an ideal desire to have all interested persons before the court. . . ." 3A, Moore's Federal Practice, § 19.07[1], pp. 2227-2228.
By reversing this cause we do not prevent a multiplicity of suits. However, by requiring the joinder of the City of Homewood a complete and final decree between all interested parties is available without leaving any party remediless. The desirability of judicial economy must give way to the orderly administration and demands of justice.
The judgment is hereby reversed and the cause is remanded for trial with Homewood as a party to the suit. The trial judge could, in his discretion, consider consolidation of this suit with the pending Homewood-Birmingham suit.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH and EMBRY, JJ., concur.
JONES, J., concurs in the result.
MADDOX, J., with whom FAULKNER, SHORES and BEATTY, JJ., concur, dissents.
[1] See In re Mead Corporation v. City of Birmingham, 295 Ala. 14, 321 So.2d 655 (1975).
[2] In its decree upholding the validity of the Birmingham annexation, the trial court ordered the Probate Judge of Jefferson County to enter a Final Order of Annexation. This court in SC 2883, March 1, 1977, and March 10, 1977, stayed the order of the trial court.