L. CHARLES WRIGHT, Retired Appellate Judge.
Lon J. Smith and Ruth Cranford appeal from a judgment entered in favor of Jack A. Trawick.
The record reflects that Smith purchased lot 21 of the Clyde Gammon-Smith Lake Subdivision in 1979. Cranford purchased lot 20 in the same subdivision in 1984. There was an access road known as Lake Road, which was established before the subdivision was platted. Lake Road extended westerly across lot 16 and then in a northerly direction across lots 17, 18, 19, 20, 21, 22, and *337 23. Smith and Cranford used Lake Road for ingress and egress to their property. In 1988 Trawiek purchased lots 17, 18, and 19. In 1989 he closed the portion of Lake Road that ran across his property. Smith and Cranford filed this action, requesting that they be granted an easement for that portion of Lake Road that ran across Trawick’s property.
There was conflicting evidence as to whether Smith and Cranford had an alternate route to gain access to their property. The evidence was undisputed that Hillcrest Road, a public road that was built by the original owners of the subdivision, provided access to their property. Smith’s property contained 124 feet of road frontage along Hillcrest Road. Cranford’s property contained 122 feet of road frontage along the same road. Smith and Cranford testified, however, that due to the topography, it was not feasible for them to build an access route from their property to Hillcrest Road.
Prior to the proceedings, the trial court viewed the property and the roads in question. Following oral proceedings, the trial court determined that Smith and Cranford had not met their burden of proving that they were entitled to an easement by necessity or by implication across Trawiek’s property-
In Helms v. Tullis, 398 So.2d 253 (Ala.1981), our supreme court noted that creation by necessity is actually a form of creation by implication. In both instances original unity of ownership must initially be proven. Helms.
In order to create an easement by necessity, there must be a genuine necessity. The burden is on the party seeking the easement to prove that the easement is reasonably necessary for the enjoyment of the land. Helms. Allegations of inconvenience or cost are not enough to meet this burden. Carr v. Turner, 575 So.2d 1066 (Ala.1991); Oyler v. Gilliland, 382 So.2d 517 (Ala.1980).
To establish an easement by implication, the party seeking the easement must prove original unity of ownership; open, visible, and continuous use; and that it is reasonably necessary to the estate granted. Helms.
The trial court found that there was original unity of ownership. It found, however, that Smith and Cranford failed to prove that the easement was a “genuine necessity” or that it was “reasonably necessary.” In reaching this conclusion, the trial court made the following findings of fact:
“While, as stated above, it would be more convenient and less costly to the Plaintiffs, the Court is not convinced from the testimony and its examination of the property that the Plaintiffs cannot construct an access road or drive on their own property. Said road or drive may not deliver them to their front door without the need to construct a set of steps or stairs. However, upon an examination of other parcels of property on Smith Lake in Cullman County, the Court does not find this to be unusual but rather quite common. Therefore, this would not render Plaintiffs’ property unusable.”
Following ore tenus proceedings, the determination of fact by the trial court, and its judgment based thereon, will not be disturbed on appeal unless found to be manifestly unjust or plainly erroneous. Carr. We cannot say that the trial court erred in its determinations. The judgment is, therefore, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.