Prentice Miller appeals from a judgment entered in favor of Pauline M. Harris granting Harris an easement over Miller's land. We affirm the judgment insofar as it grants Harris an exclusive easement over Miller's land, but we remand the cause for the trial court to provide a sufficient description of the easement.
Harris owns a 30-acre tract of land lying adjacent to, and north of, Miller's land. Harris and Miller are siblings, and their father, Earl Miller, had previously owned the lands currently owned by Harris and Miller. Harris's land contains wetlands stretching from east to west across the length of her land. Approximately six to seven acres of Harris's land lies south of *Page 1074 
the wetlands, which were estimated by various witnesses at trial to be between 50 and 250 yards wide. Harris's land south of the wetlands is primarily woodland. Harris testified that, in 1993, she used a private, gravel road on Miller's land to harvest timber from her land south of the wetlands. Harris testified that besides using the gravel road to harvest timber, she had used the gravel road roughly a half dozen times to access her land south of the wetlands. The section of Harris's land north of the wetlands is accessible by a public road.
On April 3, 2003, Harris sued Miller, seeking "an implied easement or way of necessity" over Miller's land. Harris's complaint alleged that she could access her land located south of the wetlands only by crossing over the private road on Miller's land. Following a trial at which evidence was received ore tenus, the trial court entered a judgment granting Harris an easement by necessity over Miller's property. In pertinent part, the judgment stated:
 "1. [Harris] established original unity of ownership of the lands of [Harris] and [Miller]. All of said lands were originally owned by Earl S. Miller, deceased, father of [Harris] and [Miller].
 ". . . .
 "4. Approximately six to seven acres of [Harris's] land on the south side (and which adjoins [Miller's] land) is land-locked by topography. A branch and swampy area runs east to west across [Harris's] land making it impossible to access from the northern portion of [Harris's] land. The Court, after viewing the property, is satisfied that [Harris] has shown that constructing a road across the swamp would require unreasonable expense disproportionate to the value of the property. No other means of access exists to the property South of the wetlands.
 "5. [Harris] has used the road which crosses [Miller's] lands as access to her property South of the wetlands since she was deeded her lands in 1980. Further, [Harris's] and [Miller's] brothers[,] Arnette Miller and Bill Ray Miller[,] testified that, during their father's ownership of all of the property now owned by [Harris] and [Miller], the road was used as the sole means of access to the property lying South of the wetlands.
 "It is therefore ORDERED, ADJUDGED and DECREED as follows:
 "1. [Harris] is granted an easement by necessity over and across the lands of [Miller]. . . . Said easement shall be located where the road accessing [Harris's] lands is currently situated.
 "2. Said easement shall be exclusive to [Harris] and her successors in title for access to her lands and for the reasonable use and enjoyment of the lands served by the easement."
Miller timely appealed the judgment to the supreme court, and, pursuant to § 12-2-7(6), Ala. Code 1975, the supreme court transferred the appeal to this court.
Harris's complaint sought an easement by implication or, alternatively, an easement by necessity. The trial court's judgment granted Harris an easement by necessity. On appeal, Miller argues that the trial court erred because, Miller says, Harris is entitled to neither an easement by implication nor an easement by necessity. This court "`"will affirm the judgment appealed from if supported on any valid legal ground."'"Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45,51 (Ala. 2003) (quoting Smith v. Equifax Servs., Inc.,537 So.2d 463, 465 (Ala. 1988)). This rule is qualified only by exceptions inapplicable to the present case. See LibertyNat'l Life Ins. Co. v. University of *Page 1075 Alabama Health Servs. Found., 881 So.2d 1013, 1020
(Ala. 2003). Because the record on appeal reflects that Harris established that she is entitled to an easement by implication over Miller's land, we do not address whether Harris is entitled to an easement by necessity.
Easements may be acquired "(1) by express conveyance, (2) by reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, and (7) by reference to boundaries or maps." Helms v. Tullis, 398 So.2d 253,255 (Ala. 1981).
 "To prove entitlement to an easement by implication, a landowner must show that his or her parcel of property had original unity of ownership with the land through which the easement is sought. Helms
[v. Tullis], 398 So.2d [253,] at 255 [ (Ala. 1981) ]. Additionally, the use must be open, visible, continuous, and reasonably necessary to the estate granted. Id. `The implication is that the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use.' Helms, 398 So.2d at 255-56."
Bluffs Owners Ass'n, Inc. v. Adams, 897 So.2d 375,378-79 (Ala.Civ.App. 2004).
It is undisputed that there was original unity of ownership of the lands in dispute. Miller argues, however, that Harris failed to show that the use of the claimed easement was open, visible, continuous, and reasonably necessary. The record indicates that the use of the claimed easement before Harris's acquisition of her land was sufficiently open, visible, and continuous to create an implication that Harris could reasonably expect the use of the easement. It is undisputed that Earl Miller, the previous owner of Harris's and Miller's lands, had accessed the land immediately south of the wetlands by way of an unimproved road located in the same location as the gravel road currently on Miller's land. Harris testified that Earl Miller had used the road to plant gardens, to conduct turpentine operations, and to conduct logging operations on what is currently Harris's land south of the wetlands. Given that such use was consistent with the primarily woodland nature of the land, the use of the claimed easement was open, visible, and continuous. Cf. Rohrer v. Allen, 415 So.2d 1054
(Ala. 1982) (stating that, in an adverse-possession case, land need only be used in a manner consistent with its nature to establish possession); and Limbaugh v. Richardson,402 So.2d 957, 958 (Ala. 1981) (stating that, in an adverse-possession case, "continual use is not required, it being sufficient that the claimants show a use or exercise of dominion `as in its present state it is reasonably adapted to'").
Miller also argues that the easement granted to Harris was not reasonably necessary for the enjoyment of her land. The trial court addressed the reasonable necessity of the easement in its judgment:
 "Approximately six to seven acres of [Harris's] land on the south side (and which adjoins [Miller's] land) is land-locked by topography. A branch and swampy area runs east to west across [Harris's] land making it impossible to access from the northern portion of [Harris's] land. The Court, after viewing the property, is satisfied that [Harris] has shown that constructing a road across the swamp would require unreasonable expense disproportionate to the value of the property. No other means of access [besides the easement] exists to the property South of the wetlands."
"An implied easement requires that the easement be reasonably necessary, but it *Page 1076 
is a question of fact in each particular case whether the right in question constitutes a necessity to the property conveyed." Pinkston v. Hartley, 511 So.2d 168, 169
(Ala. 1987). "Following ore tenus proceedings, the determination of fact by the trial court, and its judgment based thereon, will not be disturbed on appeal unless found to be manifestly unjust or plainly erroneous." Smith v. Trawick,676 So.2d 336, 337 (Ala.Civ.App. 1996). Moreover, "[w]here a trial judge takes a view of the subject property there must be a strong showing of error before reversal is proper." Bull v.Salsman, 435 So.2d 27, 30 (Ala. 1983). A finding that the easement is reasonably necessary in this case is not manifestly unjust or plainly erroneous.
The record reveals that there was unity of ownership of Harris's and Miller's lands and that the use of the claimed easement was open, visible, continuous, and reasonably necessary. It is undisputed that Earl Miller, the previous owner of Harris's and Miller's lands, had accessed the land immediately south of the wetlands by way of an unimproved road over the land currently owned by Miller. The rationale supporting an easement by implication is that "the parties implied such an easement because the grantee, having seen the use the grantor made of the property, can reasonably expect a continuance of the former manner of use." Helms,398 So.2d at 255-56. Given the facts of this case, a reasonable implication is that an easement was implied over Miller's land allowing access to Harris's land south of the wetlands.
The trial court, in its judgment, granted an easement "where the road accessing [Harris's] lands is currently situated." Our review of the record indicates that, although there is a clearly defined gravel road running across Miller's land toward Harris's property, that gravel road does not extend to Harris's property. Pastureland, belonging to Miller, lies between the end of the gravel road and Harris's property. The record indicates that this pastureland contains no roads or pathways that would fit the description of the road designated as the easement in the judgment. Because the trial court's judgment does not sufficiently describe the entire easement, we remand the cause. On remand, the trial court should provide a description of the easement from the end of the gravel road on Miller's property to Harris's property sufficient to enable Harris to have reasonable use of the easement without unduly encumbering Miller's property.
We affirm the judgment of the trial court insofar as it grants an exclusive easement to Harris across Miller's land. We remand the cause, however, for the trial court to provide a description of the easement from the end of the gravel road on Miller's property to Harris's property sufficient to enable Harris to have reasonable use of the easement without unduly encumbering Miller's property.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.