THOMAS, Judge.
Jennifer Knapp Gilmore, Linda White, Frank J. Dolbear, and M. Crawford Knapp (hereinafter referred to collectively as “the landowners”) own real property situated on the west bank of Bates Lake in Washington County (“the County”). In 2003, Hugh Harold Jones, who also owns property situated on Bates Lake, sued the County and the members of the county commission, seeking a judgment declaring that a portion of Bates Lake Road (“the road”), which runs across his property, was a private way and not a public road. In August 2006, after taking evidence and after an agreement of the parties to that action was reached, the Washington Circuit Court entered a consent judgment (“the 2006 consent judgment”) declaring that a portion of the road was a public road and that a portion of the road was a private way. No party appealed from the 2006 consent judgment.
In February 2007, the landowners sued Jones, the County, John Armstrong, the former president of the county commission, and the current members of the county commission: President Charles Singleton, Willie Dixon, Johnny L. Johnston, Allen Bailey, Jr., William E. Beasley, and Hilton Robbins. In their complaint, the landowners sought a judgment declaring that the 2006 consent judgment was void because, the landowners alleged, up to the time of the entry of the 2006 consent judgment, the road had been a public road and, the landowners contended, had not been properly vacated under Ala.Code 1975, § 23-4-1 et seq. The landowners further sought a preliminary and a permanent injunction (1) requiring Jones to remove a barricade he had constructed across the road and preventing him from obstructing access across the road and (2) requiring the county commission to “affirmative [sic] void and set aside as a nullity the settlement agreement of May 9, 2005 [sic], ordering the county commission to resume county maintenance of the [road,]” and ordering the county engineer to amend the records maintained in the coun *766 ty engineer’s office, if necessary, to reflect the public character of the road. Finally, the landowners sought compensatory damages for trespass from Jones for obstructing the right-of-way and from the members of the county commission, excepting Singleton, “for their actions to unlawfully facilitate said obstruction, and to acquiesce in the same.”
Jones moved to dismiss the landowners’ action based on the application of the doctrine of res judicata. The trial court denied the motion to dismiss. Jones later filed a motion for a summary judgment, again arguing that the doctrine of res judi-cata barred the landowners’ action; the trial court took the motion under advisement on the date of the trial. After the trial, at which the parties had presented conflicting evidence on the character of the road, the trial court entered a judgment stating that the doctrine of res judicata did not bar the landowners’ action and declaring the disputed portion of the road — i.e., the portion that had previously been determined to be a private way in the 2006 consent judgment — to be a private way. The landowners appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We note that the central issue at trial— whether the disputed portion of the road was a public road or a private way — was not specifically pleaded as a count in the landowners’ complaint because the landowners premised their complaint on their belief that the disputed portion of the road was and had always been public; however, the landowners’ prayer for injunctive relief and their claim for damages premised on a trespass theory rested on their proving that the disputed portion of the road was public. Thus, the issue was necessarily tried, and to the extent it was not specifically pleaded, it was undisputedly tried by the implied consent of the parties. Rule 15(b), Ala. R. Civ.App.; Tounzen v. Southern United Fire Ins. Co., 701 So.2d 1148, 1150 (Ala.Civ.App.1997). The trial court did not explicitly determine whether the 2006 consent judgment was void; however, in light of its determination that the doctrine of res judicata did not bar the landowners’ action, we conclude that the trial court must have concluded that a determination regarding the validity of the 2006 consent judgment was unnecessary and that it could proceed to determine the status of the road without regard to the 2006 consent judgment.
The trial court’s conclusion that the doctrine of res judicata did not serve as a bar to the landowners’ action is incorrect. “The elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.” Parmater v. Amcord, Inc., 699 So.2d 1238, 1240 (Ala.1997). The trial court indicated during the trial that the landowners, who were not parties to the previous action, would not be bound by the 2006 consent judgment. However, because the 2006 consent judgment, which declared the status of the road, was entered in an action to which the County was a party, the landowners, who are all residents of the County, were bound by that judgment.
“In the absence of fraud or collusion, a judgment for or against a governmental body, such as a municipal corporation, county, town, school or irrigation district, or other local governmental agency or district, or a board or officers properly representing it, is binding and conclusive on all residents, citizens, and taxpayers with respect to matters adjudicated which are of general and public interest, such as questions relating to *767 public property, contracts, or other obligations.”
50 C.J.S. Judgments § 1156 (2009)(footnotes omitted).
Such a conclusion is consistent with Alabama’s rule that a county is an indispensable party to an action seeking to declare a road a public road. Boles v. Autery, 554 So.2d 959, 961 (Ala.1989). In Boles, our supreme court explained the reason behind requiring joinder of a county in a case involving a dispute over whether a road is public or private:
“The trial court’s determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain it. If the county is not joined, as a party, then neither it nor other members of the public are bound by the trial court’s ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation. We note the following as a possible example: Suppose the landowners, over the course of time, allow the road to fall into disrepair, and a school bus carrying children has an accident because of the road’s deterioration. Would the county be liable for its failure to maintain the road? Coupled with the other problems discussed, that possibility of contradictory rulings about the status of the road as public or private is a sufficient reason to require the joinder of Autauga County as a party. See also Johnston[ v. White-Spunner ], [342 So.2d 754 (Ala.1977) ]. ‘The desirability of judicial economy must give way to the orderly administration and demands of justice,’ Mead Corp. v. City of Birmingham, 350 So.2d 419 (Ala.1977).”
554 So.2d at 961 (emphasis added).
The landowners argued in their posttrial brief that the fact that the 2006 consent judgment was a “settlement agreement” prevented application of the doctrine of res judicata as a bar to the landowners’ action. In their brief in the trial court, the landowners relied on Russell v. Russell, 404 So.2d 662, 664 (Ala.1981), for the proposition that the applica tion of the doctrine of res judicata depends on a “final judgment on the merits.” Although that proposition is true, the 2006 consent judgment is not a mere settlement agreement. It is a consent judgment.
“A consent order ‘embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.’
[[Image here]]
“... Although a consent order is a voluntary agreement between the parties, it is also a judicially approved order. Wyatt v. King, 803 F.Supp. 377 (M.D.Ala.1992).”
Austin v. Alabama Check Cashers Ass’n, 936 So.2d 1014, 1038-39 (Ala.2005) (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 378, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992)). “[A] consent judgment is generally entitled to the same conclusive effect as a judgment on the merits.” Sanders v. First Bank of Grove Hill, 564 So.2d 869, 872 (Ala.1990) (citing 50 C.J.S. Judgments § 705 (1947)).
 We turn now to the landowners’ argument that the 2006 consent judgment is void because the County did not comply with the statutes governing the vacation of
*768 a public road, codified at Ala.Code 1975, §§ 23-4-1 through -6 and § 23-4-20 (“the vacation statutes”). See Perkins v. Shelby Cnty., 985 So.2d 952, 958-59 (Ala.Civ.App.2007) (holding a deed from the county conveying to landowners a public road void because the county had failed to comply with the vacation statutes so as to vacate the public road). The landowners are permitted to challenge the 2006 consent judgment on the ground that it is void. See Randolph Cnty. v. Thompson, 502 So.2d 357, 362 (Ala.1987) (citing 49 C.J.S. Judgments § 414 (1947)). We conclude that the landowners are incorrect in their conclusion that the August 2006 consent judgment is void. The landowners contended at trial and contend again on appeal that the county commission was not permitted to “vacate” the disputed portion of the road without utilizing the statutory method for vacating a public road set out in the vacation statutes. However, because the 2006 consent judgment was a judgment settling the controversy over the status of Bates Lake Road and because that consent judgment declared the disputed portion of the road to be a private way, the disputed portion of the road did not have to be “vacated” because it had never been declared a public road.
“A public way is established in either one of three ways, (1) by a regular proceeding for that purpose, or (2) by a dedication as such by the owner of the land the way crosses, with acceptance by the proper authorities, or (3) the way is generally used by the public for twenty years.”
Powell v. Hopkins, 288 Ala. 466, 472, 262 So.2d 289, 294 (1972). The landowners do not contend that the road was dedicated as a public road; moreover, they do not assert, and the evidence does not reflect, that the road was established as a public road by “a regular proceeding for that purpose.” However, the landowners do argue that the evidence establishes that the road was established as a public road by prescription; that is, they argue that its use by the public for more than 20 years established it as a public road.
The landowners rely on a map that was posted in the county surveyor’s office that indicates that the road is public and on evidence indicating that utility lines run under the disputed portion of the road to support their contention that the disputed portion of the road is, and always has been, a public road. They also argue that the characterization of the road as a public road in the deed to Jones’s property compels the conclusion that the road was public. Despite the existence of evidence that could support the conclusion that the road was a public road, there exists only one judicial determination of its status, which, contrary to the landowners’ insistence otherwise, declares the disputed portion of the road to be a private way. The evidence the landowners rely upon in the present action may not have been adduced in the earlier action; however, the failure of the County to prove the public character of the disputed portion of the road in the earlier action does not undermine the validity of the 2006 consent judgment. Whisman v. Alabama Power Co., 512 So.2d 78, 81-82 (Ala.1987) (citing A.B.C. Truck Lines, Inc. v. Kenemer, 247 Ala. 543, 548, 25 So.2d 511, 515 (1946)) (“Res judicata may be pleaded as a bar, not only as to matters actually presented to sustain or defeat the right asserted in the earlier proceeding, but also as to any other available matter that might have been presented to that end.”).
Because the effect of the trial court’s judgment declaring the disputed portion of the road to be private is consistent with the 2006 consent judgment, we affirm the judgment of the trial court, although we do so because the 2006 consent judgment was a bar to the landowners’ action insofar as it sought to establish that the disputed portion of the road is public. Miller v. *769 Harris, 945 So.2d 1072, 1074 (Ala.Civ.App.2006) (noting that this court may affirm a judgment on “ ‘ “ ‘any valid legal ground’ ” ’ ” (citations omitted)). Furthermore, because the landowners’ action, insofar as it sought to have the 2006 consent judgment set aside based on the County’s failure to comply with the vacation statutes, was premised on the landowners’ incorrect notion that the vacation statutes applied, we affirm the trial court’s judgment insofar as it implicitly denied the landowners’ request to vacate the 2006 consent judgment. The landowners make no argument concerning the implicit denial of the damages they sought for alleged trespasses by Jones and the other defendants; thus, the judgment is affirmed insofar as it denied the landowners the damages requested in their trespass claim. Tucker v. Cullman-Jefferson Cntys. Gas Dist., 864 So.2d 317, 819 (Ala.2003) (stating that issues not raised and argued in brief are waived). Because we are affirming the judgment of the trial court on the above-stated grounds, we will not discuss the merits of the parties’ arguments relating to whether the evidence established that the road was public or private in nature. See Favorite Market Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005) (stating that this court would pretermit discussion of further issues in light of dispositive nature of another issue).
The landowners’ request for an attorney fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.