MURDOCK, Justice
(concurring specially).
The Court of Civil Appeals bases its opinion in this case on a statement found in Corpus Juris Secundum. The court quotes from that treatise as follows:
*770 “ ‘In the absence of fraud or collusion, a judgment for or against a governmental body, such as a municipal corporation, county, town, school or irrigation district, or other local governmental agency or district, or a board or officers properly representing it, is binding and conclusive on all residents, citizens, and taxpayers with respect to matters adjudicated which are of general and public interest, such as questions relating to public property, contracts, or other obligations.’ ”
Gilmore v. Jones, 97 So.3d 764, 766-67 (Ala.Civ.App.2012) (quoting 50 C.J.S. Judgments § 1156 (2009) (footnotes omitted) (emphasis added)). Although it may be that the law of Alabama does, in fact, align with this statement, the general principle reflected therein does not speak to the situation where individuals own land so situated in relation to a roadway, particularly in rural areas, as to give them a unique, private interest in the use of that roadway that goes well beyond any “general and public interest.”
The Court of Civil Appeals couples its quotation from Corpus Juris Secundum with a citation to Boles v. Autery, 554 So.2d 959, 961 (Ala.1989), and, in essence, the following reasoning: Because, under Boles, a county is an essential party to any case involving a dispute over whether a road is public or private, the individual landowners in this particular case must of necessity be bound by a judgment brought only against the county.
The petition before us does not challenge the above-described reasoning. I therefore concur in the denial of the writ.